SHORTESS, Judge.
Harbor Inn, Inc. (Harbor) and A.D. Geo-ghegan (plaintiff) filed a joint petition against defendants Outboard Marine Corporation (Outboard) and Ducote and Lee, Inc. (Ducote) to recover damages resulting from the disclosure of allegedly confidential information. Ducote filed an answer and third party demand against Outboard [1]. The trial court found that Harbor and plaintiff had failed to prove any damages resulting from the defendants’ activities and dismissed the suit. However, the written reasons for judgment stated:
“inasmuch as the Court has found that the defendant, Outboard Marine Corporation, was not entitled to devulge the trade secrets or list of customers to Du-cote and Lee, the Court will assess half of the costs of these proceedings to the defendant, Outboard Marine Corporation.” [2]
Plaintiff is the sole owner of Harbor Inn, Inc. This corporation had been an Evin- *1056 rude dealer for eighteen years. Evinrude is a division of Outboard. Harbor maintained annual dealership contracts with Evinrude, which obligated it, among other things, to fill out and mail to Evinrude an owner’s registration card within 48 hours of a sale of an Evinrude motor and to advise Evin-rude of any ownership or ownership address changes. In an attempt to promote sales, Evinrude provided its dealers the opportunity to use pre-printed address labels containing the names and addresses of former purchasers of Evinrude motors. Ducote, also an Evinrude dealer, took advantage of this opportunity, but Harbor did not. Both businesses are in the same geographical area. As a result, some of the labels that were supplied to Ducote included the names and addresses of some of Harbor’s customers. Using the customer labels, Ducote mailed a letter dated April 20, 1976, which thanked the customers for their past business, informed them that Ducote would be moving to a new location, and offered to trade in the customers’ motors. When plaintiff learned that some of his former customers had received the above described letter, he asked Evinrude to send out letters of retraction. When no letters of retraction were sent, plaintiff filed this suit alleging that the letters that were sent to his former customers constituted false advertising and were an unlawful use of his trade secret, which resulted in damages and loss of business to Harbor and caused plaintiff individual damages.
Plaintiff testified that several of his former customers came by after they received the letter and asked him what was going on and why he was going out of business; that he informed them that he was not going out of business; that Harbor could have had the address labels sent for its use but he did not avail himself of this service because “I had my regular customers, I didn’t need them"; that he spent “very, very little” on advertising; that “I didn’t think I should have to spend money to advertise”; that after the letters were sent, Harbor’s sales began to drop off; and that sales in 1976 were dramatically low when compared to sales during the same months in 1975. Plaintiff also testified that after each sale, he sent to the Louisiana Wild Life and Fisheries Commission the name and address of each purchaser of a motor from his store. Plaintiff’s testimony was corroborated by Frank Goins, a certified public accountant, who stated that Harbor’s sales showed a dramatic drop in 1976.
Henry Prescott, Evinrude’s district sales manager, testified that he distributed the address labels as a sales promotion item to Evinrude dealers; that Ducote did not request the labels until offered them; that Ducote and Evinrude were both unaware that some of Harbor’s former customers were on the list; that while Harbor only stocked small motors, Ducote additionally stocked large motors; that when he called on plaintiff at his business, he only found him on the premises once out of three visits and that apparently no one else was present to sell motors; that when he got the labels, he “divided them into geographical areas, and distributed them based on how aggressive the dealers were in the area; offered the labels to the dealers that I knew to where they would be used on a campaign to help stimulate sales”; and that many factors could have caused Harbor’s drop in sales and that sales as a whole were down.
Three of Harbor’s customers who had received the letter testified that it had not affected their business with Harbor. In fact, one of these customers, Milton J. Du-denheffer, testified that he did not like Evinrude motors and that he had only purchased one because plaintiff sold them.
David M. Taylor, Evinrude’s nationwide sales manager, testified that nationwide sales had declined since 1974 due to the fuel situation; that plaintiff did not provide on-the-premises service for Evinrude motors; that the Evinrude computer print-outs indicated that only two of Harbor’s customers subsequently purchased from Ducote; and that Evinrude did not restrict the use of its labels because the people were considered to be Evinrude customers when they purchased their motors.
*1057 Plaintiff and Harbor assert that the trial judge erred in not awarding them damages, and also in considering the profit that plaintiff realized when he sold land that was originally intended as the site for a new Evinrude center.
Plaintiff and Harbor have failed to prove that they were in any way damaged by the letter. The record reveals that only two .Harbor customers subsequently purchased motors from Ducote. No evidence was offered to show a causal connection between the letters and the loss of even these two customers. The record does not even indicate that the two cross-over customers ever received the letter complained of, much less, that the letter induced them to change dealers. Although plaintiff did show that Harbor’s business declined, no causal connection between this decline and defendants’ action was shown. Many factors could account for the drop in sales, including plaintiff’s own failure to advertise, the fuel situation, plaintiff’s failure to provide service for the motors on the premises, plaintiff’s failure to stock a full line of motors, or plaintiff’s failure to be available on the business premises much of the time. Harbor and plaintiff simply failed to prove that the mailing of the “false advertisement” had any adverse effect on business. The trial judge found:
“the Court cannot find where Harbor Inn or Mr. Geogehegan (sic) was substantially damaged as a result of Outboard Marine Corporation giving this list to Decote (sic) and Lee.”
He was not clearly wrong in making this finding. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). The judgment of the trial court is affirmed.[3] Costs of this appeal are taxed to Harbor and plaintiff.
AFFIRMED.

. Allstate Insurance Company, insurer of Du-cote, intervened in the suit seeking a declaration that its insurance policy did not provide coverage under the circumstances of this case. Allstate was dismissed from the suit on a motion for summary judgment.

. Outboard has not appealed. Thus, the portion of the judgment which assessed half of the costs of the proceedings to it is final.

. Because we agree with the trial judge that plaintiff failed to prove any damages resulting from defendants’ activities, a discussion of plaintiffs third assignment of error is unnecessary.